**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00507-RJC**

| | |
|---|---|
| In re: | ) |
| | ) |
| **SHAMELIA LAKAY BLACKMON and** | ) |
| **ANTONIO ALLEN WALKER,** | ) |
| | ) |
| Debtors. | ) **ORDER AND NOTICE OF HEARING** |
| | ) |
| | ) |
| **JOHN W. TAYLOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SHAMELIA LAKAY BLACKMON and** | ) |
| **ANTONIO ALLEN WALKER,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Bankruptcy Court's "Order Finding Debtors Shamelia Lakay Blackmon and Antonio Allen Walker in Contempt of Court and Order Recommending Withdrawal of Reference for Criminal Contempt Proceedings" (the "Contempt Order") in the bankruptcy matter of In re: Shamelia Lakay Blackmon and Antonio Allen Walker, No. 13-32499 (Bankr. W.D.N.C. Sept. 15, 2014). (Doc. No. 1).

**I.    BACKGROUND AND FINDINGS OF FACT**

A review of the Contempt Order issued by the Honorable J. Craig Whitley and the docket in this case reveals that:

1. On June 2, 2014, the Bankruptcy Court entered an Order Granting Plaintiff Trustee John W. Taylor's ("Plaintiff") Motion for Turnover against Shamelia Lakay Blackmon and Antonio Allen Walker ("Defendants") ordering that the Defendants turn over to Plaintiff their 2013 Federal

and State Tax Returns and any non-exempt tax refunds therefrom. That Order also directed Defendants to pay sanctions in the amount of $500.00 for their failure to comply with Plaintiff's previous requests for turnover of the tax returns.

2. On August 20, 2014, the Bankruptcy Court entered an Order finding Defendants in civil contempt of the June 2, 2014 Order, and ordering additional sanctions in the amount of $1,500.00 for their failure to comply with the Order. The August 20, 2014 Order afforded Defendants ten (10) days to purge their contempt by turning over the tax returns, any non-exempt equity therefrom, paying the sanctions in the total amount of $2,000.00, and appearing at a compliance hearing.

3. A compliance hearing was held on September 11, 2014, to determine if Defendants had purged their contempt of the August 20, 2014 Order; however, Defendants failed to appear at the hearing.

4. As of September 11, 2014, Defendants had not fully complied with the Bankruptcy Court's Orders of June 2, 2014, and August 20, 2014, and they remained in contempt as Defendants had only turned over their 2013 Federal Tax Returns. Defendants had not turned over their 2013 State Tax Returns or any of the non-exempt tax refunds from their Federal or State Tax Returns, and they had not paid the sanctions in the total amount of $2,000.00 as ordered by the Bankruptcy Court.

5. On September 15, 2014, the Bankruptcy Court entered the Contempt Order, which: (i) found that Defendants had failed to purge their contempt by complying with the Orders of June 2, 2014, and August 20, 2014; (ii) increased the monetary sanctions against Defendants to the amount of $2,000, as previously sanctioned, plus $100.00 per day until Defendants purge their contempt; and (3) recommended that Defendants' contempt of the June 4, 2014, and August 20, 2014 Orders, but not Defendants' entire bankruptcy case, be referred to this Court for criminal contempt

proceedings due to Defendants' failure to comply with the Bankruptcy Court's previous Orders and failure to appear at the compliance hearing.

6. As of July 5, 2016, Defendants have still failed to purge their contempt by complying with the Bankruptcy Court's Orders.

## II. DISCUSSION

A bankruptcy court has the authority to find civil contempt. In re Walters, 868 F.2d 665, 669 (4th Cir. 1989) (stating that "a court of bankruptcy has authority to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code," and affirming an order holding the debtor in civil contempt). The Fourth Circuit went on to state that "the delegation of civil contempt power to the bankruptcy courts by 11 U.S.C. § 105(a) does not offend the Constitution." Id. at 670. To establish civil contempt, the following elements must be established by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) . . . that [the] movant suffered harm as a result.

JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004) (quoting Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000)).

Defendants have not only failed to comply with the underlying orders resulting in the finding of contempt, but they have also failed to appeal any of the Bankruptcy Court's Orders against them. Smith v. Dairymen, Inc., 790 F.2d 1107, 1111 (4th Cir. 1986) ("[A]bsent exceptional circumstances . . . , only a party who files a notice of appeal properly invokes the appellate jurisdiction of the district court."). Even if this Court had jurisdiction to review the Orders, a de novo review of the record in this case establishes by clear and convincing evidence that: (1) Defendants had actual or constructive knowledge of the Bankruptcy Court's valid Orders; (2) the

Orders were in Plaintiff's favor; (3) Defendants violated the Orders with knowledge; and (4) Plaintiff suffered harm as a result. Accordingly, the Court finds that there is clear and convincing evidence that Defendants are in contempt of the Bankruptcy Court's Orders.

The Court has an inherent and statutory power to coerce compliance with its orders, and it may exercise that authority by ordering a defendant to be incarcerated or to pay a fine, or both, until he purges himself of his contempt. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994). Where it appears, however, that a defendant is unable or unwilling to purge his contempt, the punitive sanction of incarceration for criminal contempt may be more appropriate. See Richmond Black Police Officers Ass'n v. City of Richmond, Va., 548 F.2d 123, 125 (4th Cir. 1977); 18 U.S.C. § 401.

Inasmuch as Defendants have failed to comply with the Orders, failed to appear at the compliance hearing on September 11, 2014, after having been ordered by to do so, and failed to purge themselves of their civil contempt, it appears that the Bankruptcy Court has exhausted all avenues short of incarceration of Defendants. Therefore, the Court will, in accordance with 28 U.S.C. § 157(d), withdraw the reference of Defendants' contempt of the Bankruptcy Court's Orders entered on June 2, 2014, and August 20, 2014, but not Defendants' entire bankruptcy case, for the purpose of enforcing of the Orders as well as conducting criminal contempt proceedings. The Court will order Defendants to appear at a hearing on July 25, 2016, at 11:00 a.m. to show cause why they should not be prosecuted for criminal contempt. Defendants are warned that failure to appear before the Court on July 25, 2016, and show good cause for their failure to comply with the Bankruptcy Court's Orders will result in the referral of this matter to the United States Attorney for prosecution of criminal contempt. Defendants are further warned that such prosecution could result in Defendants being incarcerated.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The reference of Defendants' contempt of the Bankruptcy Court's Orders entered on June 2, 2014, and August 20, 2014, but not Defendants' entire bankruptcy case, is **WITHDRAWN**.

2. Defendants are hereby found in contempt of the Bankruptcy Court's Orders issued on June 2, 2014, and August 20, 2014.

3. On account of Defendants' continuing contempt, Defendants shall appear on **July 25, 2016, at 11:00 a.m.** to show cause why they should not be prosecuted for criminal contempt. Failure to appear before the Court on July 25, 2016, and show good cause for their failure to comply with the Bankruptcy Court's Orders will result in the referral of this matter to the United States Attorney for prosecution of criminal contempt. Such prosecution could result in Defendants being incarcerated.

Signed: July 11, 2016

Robert J. Conrad, Jr.
United States District Judge