# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-00507-RJC

| | |
|---|---|
| In re: ) | |
| ) | |
| SHAMELIA LAKAY BLACKMON and ) | |
| ANTONIO ALLEN WALKER, ) | |
| ) | |
| Debtors. ) | **ORDER** |
| ) | |
| JOHN W. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHAMELIA LAKAY BLACKMON and ) | |
| ANTONIO ALLEN WALKER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on a show cause hearing held on July 25, 2016. For the reasons stated below, the Court refers this matter to the United States Attorney for consideration of prosecution for criminal contempt.

## I. FINDINGS OF FACT

Defendants Shamelia Lakay Blackmon and Antonio Allen Walker ("Defendants") filed for Chapter 7 bankruptcy on November 26, 2013. (In re: Shamelia Lakay Blackmon and Antonio Allen Walker, Bankr. No. 13-32499, Doc. No. 1). After Defendants failed to comply with Plaintiff Trustee John W. Taylor's ("Plaintiff") requests for turnover of Defendants' tax returns, Plaintiff filed a Motion for Turnover. (Bankr. Doc. No. 47). After holding a hearing, at which Defendants did not appear, the Bankruptcy Court entered an Order on June 2, 2014, granting Plaintiff's Motion for Turnover against Defendants and ordering Defendants to turn over their 2013 Federal and State

Tax Returns and any non-exempt tax refunds therefrom within ten (10) days. (Bankr. Doc. No. 53). That Order also directed Defendants to pay sanctions in the amount of $500.00 for their failure to comply with Plaintiff's previous requests for turnover of the tax returns and for their failure to appear at the hearing on Plaintiff's Motion for Turnover. (Id.).

On July 17, 2014, the Bankruptcy Court held a hearing to assess Defendants' compliance with its June 2, 2014 Order. (Bankr. Doc. No. 62). Again, Defendants failed to appear. Therefore, on August 20, 2014, the Bankruptcy Court entered an Order finding Defendants in civil contempt of the June 2, 2014 Order and ordering additional sanctions in the amount of $1,500.00 for their failure to comply with the Order. The August 20, 2014 Order afforded Defendants ten (10) days to purge their contempt by turning over the tax returns, any non-exempt equity therefrom, paying the sanctions in the total amount of $2,000.00, and appearing at a compliance hearing. (Id.). The Bankruptcy Court held a compliance hearing on September 11, 2014, to determine if Defendants had purged their contempt; however, Defendants failed to appear at the hearing. (Bankr. Doc. No. 66).

As of September 15, 2014, Defendants had not fully complied with the Bankruptcy Court's Orders of June 2, 2014, and August 20, 2014, and they remained in contempt of the Orders. (Id.). Defendants had not turned over their 2013 State Tax Returns or any of the non-exempt tax refunds from their Federal or State Tax Returns, and they had not paid the sanctions in the total amount of $2,000.00 as ordered by the Bankruptcy Court. Consequently, the Bankruptcy Court entered an Order on September 15, 2014, finding Defendants in contempt of court and recommending that criminal contempt proceedings be initiated ("Contempt Order"). Specifically, the Contempt Order (1) found that Defendants had failed to purge their contempt by complying with the Orders of June 2, 2014, and August 20, 2014; (2) increased the monetary sanctions against Defendants to the

amount of $2,000, as previously sanctioned, plus $100.00 per day until Defendants purged their contempt; and (3) recommended that Defendants' contempt of the Bankruptcy Court's Orders be referred to this Court for criminal contempt proceedings due to Defendants' failure to comply with the Orders and failure to appear at the compliance hearings. (Id.).

Over twenty-one months later, Defendants had still not purged their contempt of the Bankruptcy Court's Orders, so this Court issued an Order and Notice of Hearing on July 1, 2016. (Doc. No. 2). In that Order, the Court found by clear and convincing evidence that Defendants are in contempt of the Bankruptcy Court's Orders. (Id.). The Court also found that the Bankruptcy Court had exhausted all avenues within its authority to attempt to coerce Defendants' compliance with the Orders. Therefore, the Court withdrew the reference of Defendants' contempt of the Orders, but not Defendants' entire bankruptcy case, and ordered Defendants to appear and show cause why they should not be prosecuted for criminal contempt. The Order warned Defendants that "[f]ailure to appear before the Court on July 25, 2016, and show good cause for their failure to comply with the Bankruptcy Court's Orders w[ould] result in the referral of this matter to the United States Attorney for prosecution of criminal contempt" and that "prosecution could result in Defendants being incarcerated." (Id. at 4–5).

The Court held the show cause hearing on July 25, 2016. Plaintiff, an attorney, appeared on behalf of himself; pro se Defendant Blackmon appeared on behalf of herself; and pro se Defendant Walker did not appear. When given the opportunity, Defendant Blackmon did not attempt to rebut the evidence of contempt, and she agreed that everything Plaintiff had said was correct. The only explanation Defendant Blackmon offered as to why she has failed to comply with the Bankruptcy Court's Orders was "I didn't know."

## II. DISCUSSION

Defendants remain in contempt of the Bankruptcy Court's Orders, and the Court finds that they have failed to show good cause or even explain their failure to comply with the Orders. The Bankruptcy Court has been more than generous in its attempts to get Defendants to comply with the Orders. Defendants have had ample time; however, they have done nothing to comply or even attempt to comply with the Orders. Not only have they shown a total disregard for the Bankruptcy Court's Orders, but they have failed to show even a modicum of good faith or respect for the Court and its Orders.

The Court has an inherent and statutory power to coerce compliance with its orders, and it may exercise that authority by ordering a defendant to be incarcerated or to pay a fine, or both, until he purges himself of his contempt. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994). If it appeared likely that incarcerating Defendants would produce their compliance with the Orders, the Court would do so readily. The Court is not left with the belief, however, that Defendants have shown any interest in complying with previous Orders of the bankruptcy court, havethe funds to purge their contempt; or that if incarcerated they would be able to purge their contempt by paying those funds to Plaintiff. See United States v. Rylander, 460 U.S. 752, 757 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action."). In this scenario in which it appears that a defendant is unable or unwilling to purge his contempt, a contempt sanction of incarceration becomes punitive in nature and, as a result, more appropriate upon a finding of criminal contempt. See Richmond Black Police Officers Ass'n v. City of Richmond, Va., 548 F.2d 123, 125 (4th Cir. 1977); 18 U.S.C. § 401. As an interested party to this civil litigation, Plaintiff cannot prosecute a charge of criminal contempt. See Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 803–

07 (1987); Fed. R. Crim. P. 42(a)(2). Thus, the Court finds it appropriate to stay any sanction imposed pursuant to the Bankruptcy Court's Orders and refer the matter to the United States Attorney for consideration of prosecution for criminal contempt after due notice. Upon motion by the United States Attorney, the Court will initiate criminal contempt proceedings pursuant to Federal Rule of Criminal Procedure 42(a) and appoint counsel for Defendants.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The imposition of civil contempt sanctions imposed against Defendants pursuant to the Bankruptcy Court's Orders issued on June 2, 2014, and August 20, 2014, is hereby **STAYED**.

2. The matter is **REFERRED** to the United States Attorney for the Western District of North Carolina for consideration of prosecution for criminal contempt.

3. The Clerk of Court is respectfully directed to send a copy of this Order and a transcript of the show cause hearing held July 25, 2016, to the United States Attorney's Office.

Signed: July 25, 2016

Robert J. Conrad, Jr.
United States District Judge