UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-00507-RJC

| | |
|---|---|
| In re: | ) |
| | ) |
| **SHAMELIA LAKAY BLACKMON** and | ) |
| **ANTONIO ALLEN WALKER,** | ) |
| | ) |
| Debtors. | ) **ORDER** |
| | ) |
| **JOHN W. TAYLOR,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **SHAMELIA LAKAY BLACKMON** and | ) |
| **ANTONIO ALLEN WALKER,** | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court <u>sua</u> <u>sponte</u>.

After a show cause hearing on July 25, 2016, this Court entered an order staying the imposition of civil contempt sanctions against Defendants and referring this matter to the U.S. Attorney for the Western District of North Carolina for consideration of prosecution for criminal contempt. (Doc. Nos. 3–4).[1] It being unclear whether such referral was ever sent to the U.S. Attorney, the Clerk of Court is respectfully directed to send a copy of this Order, the July 25, 2016 Order, and a transcript of the show cause hearing held July 25, 2016 to the U.S. Attorney's Office.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court is respectfully directed to send a copy of this Order, the July 25, 2016 Order, (Doc. No. 3), and a transcript of the show cause

---

[1] A detailed findings of fact explaining the background of the underlying bankruptcy proceeding is available in the Court's July 25, 2016 Order. (Doc. No. 3 at 1–3).

hearing held July 25, 2016, (Doc. No. 4), to the United States Attorney's Office for the Western District of North Carolina. The Clerk of Court is further directed to close this case.[2]

Signed: September 8, 2017

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge

---

[2] There is nothing left for the Court to do in this matter. As the Court previously noted, "If it appeared likely that incarcerating Defendants would produce their compliance with the Orders, the Court would do so readily. The Court is not left with the belief, however, that Defendants have shown any interest in complying with previous Orders of the bankruptcy court, have the funds to purge their contempt; or that if incarcerated they would be able to purge their contempt by paying those funds to Plaintiff." (Doc. No. 3 at 4). See United States v. Rylander, 460 U.S. 752, 757 (1983) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action.").